IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY DALE JOHNSON,<br><br>    Defendant. | Civ. No. 03-6277-AA<br>CR-01-60015-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

Defendant Larry Dale Johnson moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

In early 2001, defendant was charged with manufacturing marijuana, possession of marijuana with intent to distribute, firearm violations, mail fraud, and making false statements to

1   - OPINION AND ORDER

government officials. Defendant was arrested and charged after a search of his property located in Fall Creek, Oregon. Over the course of the proceedings, defendant was appointed three attorneys, the last being Kelly Beckley on May 31, 2002. Defendant represented himself at times, filing numerous motions and an interlocutory appeal *pro se*.

On July 10, 2002, the court heard testimony and argument regarding sixteen motions to suppress evidence, a motion to dismiss the indictment, a motion to sever counts, and other various motions. Defendant's motions were denied in an Opinion and Order dated July 30, 2002.

On August 27, 2002, defendant waived his right to jury trial and agreed to a stipulated facts court trial. Pursuant to his agreement with the government, defendant waived his rights to appeal his conviction or sentence or to collaterally attack his conviction or sentence (except on grounds of ineffective assistance of counsel), provided he was sentenced to a term of imprisonment no longer than 36 months. See Government's Answer to Defendant's Amended Motion (Govt. Answer) (doc. 403), Ex. 3, p. 10.

On September 3, 2002, the court found defendant guilty of one count of possession with intent to distribute marijuana, one count of possession of fraudulent or stolen identification documents, one count of theft of public money, eight counts of mail fraud, and three counts of making a false and fraudulent material statement to

government officials. Govt. Answer, Ex. 4 (Transcript of Proceedings, September 3, 2002).

On November 20, 2002, the court sentenced defendant to a term of 33 months imprisonment and three years of supervised release and imposed restitution in the amount of $21,820.

On December 13, 2002, defendant filed a notice of appeal. On March 7, 2003, while his appeal was pending, defendant filed a Motion to Correct Prison Sentence to award credit for "time served." On April 30, 2003, the motion was denied. At that time, the court did not advise defendant that his motion was considered as a motion filed under § 2255.

On September 11, 2003, the Ninth Circuit granted the government's unopposed motion to dismiss defendant's appeal, and on October 6, 2003, the appeal was dismissed.

On September 22, 2003, defendant filed a motion to vacate, set aside, or correct sentence pursuant to § 2255. Defendant alleged that the Bureau of Prisons was "punishing" him for crimes of obstruction of justice and possession of firearms, of which he was not convicted, by denying defendant rehabilitation, participation, and eligibility in community-based programs. On February 25, 2004, the court denied defendant's motion, noting that defendant's claim was properly brought under 28 U.S.C. § 2241 rather than § 2255.

On March 10, 2004, defendant appealed the denial of his motion, and on March 24, 2004, defendant filed a motion for relief

from judgment under Federal Rule of Civil Procedure Rule 60. On April 13, 2004, the court denied the motion for relief.

On May 17, 2004, the Ninth Circuit denied defendant's request for certificate of appealability regarding the motion purportedly filed under § 2255.

On July 28, 2004, defendant filed a Motion for Review and Release from Custody. Relying on the Supreme Court decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), defendant argued that his sentence was enhanced under the Federal Sentencing Guidelines for obstruction of justice and possession of firearms in violation of his Sixth Amendment right to jury trial.

On August 11, 2004, defendant filed a motion to vacate, set aside, or correct Sentence under § 2255. In this motion, defendant alleged, *inter alia*, that he received ineffective assistance when entering a plea agreement with the government and agreeing to a stipulated facts trial. Defendant also filed a motion seeking recusal of the undersigned judge.

On August 23, 2004, Magistrate Judge Coffin denied defendant's motion for recusal.

On September 13, 2004, defendant filed motions for reversal or dismissal of conviction and for rescission of the plea agreement due to ineffective assistance of counsel, which the court considered as motions challenging his conviction under § 2255.

On October 18, 2004, the court denied all of defendant's

motions without prejudice and ordered defendant to file an amended motion under § 2255 alleging all grounds in support of his claim that his conviction and/or sentence should be vacated, set aside or corrected. The court advised defendant that further amendments to his § 2255 motion would not be granted absent good cause, and that any further motion challenging the legality of conviction or sentence would be considered a successive motion under § 2255.

On October 27, 2004, defendant filed an amended motion under § 2255. On November 1, 2004, defendant appealed the court's order requiring him to file an amended motion but also filed a motion for summary judgment in support of his amended motion.

On November 18, 2004, the court granted the government's motion to postpone further briefing until resolution of defendant's appeal.

On June 13, 2005, the Ninth Circuit denied defendant's request for a certificate of appealability, noting that no final judgment had issued and that defendant could proceed with his motion in this court. On June 15, the court issued a briefing schedule, and the matter is now before me.

DISCUSSION

The government again argues that defendant's motions are barred from review because they are successive motions for relief under § 2255. See 28 U.S.C. §§ 2244(b)(3)(A), 2255 (a second or successive § 2255 motion is not permitted to be filed in the

district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application"). I disagree. As explained in the court's order to amend, defendant's motions filed in March and September 2003 challenged the execution of his sentence rather than its legality, and they were not considered under § 2255. Although defendant's motions filed in July, August and September of 2004 challenged his conviction and sentence, the court allowed defendant to file an amended motion alleging all grounds for relief and provided defendant with the requisite warnings regarding successive § 2255 motions. See Castro v. United States, 540 U.S. 375, 382 (2003) (if motion is recharacterized as a motion under § 2255, district court must warn *pro se* litigant that further § 2255 motions will be subject to restrictions on second or successive motions and allow litigant to object, withdraw, or amend the motion). Therefore, I do not find defendant's amended motion to be successive.

Defendant asserts numerous grounds for relief in his amended motion, all based on ineffective assistance of counsel. To establish ineffective assistance of counsel, defendant must show that 1) counsel's performance was deficient; and 2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant must overcome a strong presumption that counsel's conduct fell within the wide

range of reasonable professional assistance. Id. at 689. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Rather, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

Defendant first claims that appointed counsel Beckley failed to notify the Ninth Circuit that he intended to represent defendant as an indigent client and that his appeal was dismissed for lack of jurisdiction as a result. However, defendant was eventually appointed new counsel, defendant did not oppose the government's motion to dismiss his appeal, and defendant waived his right to appeal in his agreement with the government. See Govt. Answer Ex. 3, p. 10, Ex. 9; Doc. 294. Therefore, defendant cannot establish prejudice resulting from counsel's alleged failure.

Defendant also asserts that Beckley's failure implicated his speedy trial rights and subjected him to double jeopardy. Given that most of the delay in defendant's case can be attributed to the numerous motions and interlocutory appeal filed by him, I find no violation of his speedy trial rights. Likewise, defendant was not given multiple punishments for the same offense and provides no supporting facts or argument in support of his double jeopardy claim. United States v. DiFrancesco, 449 U.S. 117, 129 (1980).

Second, defendant claims that Harrison Latto, whom defendant asserts was appointed to represent him with respect to his interlocutory appeal, failed to review transcripts of a suppression hearing or to investigate grounds for his appeal and his competence to enter a guilty plea. Notably, in his § 2255 motion filed on August 1, 2004, defendant maintained that Latto was appointed to represent him on his direct appeal filed December 13, 2002, rather than on his interlocutory appeal. See Doc. 341, p. 6.

Regardless, defendant fails to set forth any evidence to show that Latto's or Beckley's alleged failures regarding his interlocutory appeal resulted in deficient performance or prejudice. Defendant identifies no grounds for his interlocutory appeal. Defendant received an evidentiary hearing on his numerous motions to suppress, and the court conducted a lengthy hearing regarding defendant's competence to enter into his agreement with the government. See Opinion and Order dated July 30, 2002; Govt. Answer, Ex. 4. To the extent defendant asserts ineffective assistance of counsel based on Latto's representation involving the direct appeal, defendant presents fails to establish deficiency of performance or prejudice given defendant's waiver of his right to appeal.

Third, although identified as a claim for ineffective assistance, defendant asserts malicious prosecution by the Assistant United States Attorney (AUSA) assigned to this case.

8   - OPINION AND ORDER

Defendant claims that the AUSA obtained successive and multiplicitous indictments against him in order to coerce defendant into pleading guilty. However, as explained below, defendant cannot establish that the indictment was multiplicitous, and defendant presents no evidence of coercive conduct by the AUSA.

Fourth, defendant asserts that counsel failed to request reconsideration of the court's denial of his *pro se* motions to suppress. However, the court held an evidentiary hearing on July 10, 2002 regarding defendant's motions and heard argument and testimony from Oregon State Police Detective Frederick Testa. On July 30, 2002, the court issued a written Opinion and Order denying defendant's motions. Defendant fails to set forth argument or evidence different from that presented in his motions to support a motion to reconsider. Therefore, defendant fails to present evidence of deficient performance or prejudice arising from counsel's alleged failure.

In defendant's fifth and sixth grounds for relief, defendant maintains that counsel was ineffective for allowing him to sign a stipulated facts agreement while incompetent due to his untreated chronic depression and bi-polar disorder. Defendant argues that he did not enter into the agreement knowingly and therefore involuntarily waived his right against self-incrimination as a result. However, on June 12, 2002, counsel Beckley moved for a determination of defendant's competency and the court subsequently

received a psychiatric examination report as a result. See Docs. 245-46, 260.

Further, as evidenced by the transcript of proceedings on September 3, 2002, the court undertook a lengthy inquiry into defendant's mental status and his competence to enter into the stipulated facts agreement. The court even endeavored to contact an emergency room physician to testify regarding the effect of medication defendant had taken the previous night. Upon observing defendant and conversing with him, counsel Beckley, and the physician, the court determined that defendant entered into the agreement knowingly and voluntarily. Govt. Answer, Ex. 4, pp. 12-13, 16-21, 23-28, 35-40, 42-52, 61-65.

Notably, defendant initialed each and every paragraph of the Acknowledgment of Rights to indicate that he read and understood the rights he was giving up under his agreement with the government. Id., Ex. 2. Further, defendant testified in open court that he had read the stipulated facts and plea agreement, understood their contents, and discussed the agreement with counsel in detail. Id. Ex. 4, pp. 21-22, 52, 61. Defendant expressed his satisfaction with counsel's representation and represented to the court that his agreement was not the product of coercion, duress, or promises. Id. at pp. 27, 63-34. At no time did defendant's behavior, demeanor or words reveal an inability to understand the agreement or the proceedings or an unwillingness to enter into the

agreement. Id. at pp. 24, 40. Therefore, defendant fails to establish deficient performance on the behalf of counsel with respect to the stipulated facts agreement.

Seventh, defendant claims that his first appointed counsel, Mark Weintraub, entered into a conspiracy with the AUSA to detain defendant in the Lane County Jail to coerce him into pleading guilty. Defendant also claims that staff at the Lane County Jail were deliberately indifferent to his serious medical needs and prevented him from assisting in the defense of his case. However, defendant did not plead guilty while detained at the Lane County Jail or while represented by Mark Weintraub, and defendant presents no evidence of such a conspiracy. Given the voluminous motions defendant has filed on his own behalf, no evidence suggests that defendant was prevented from assisting in the defense of his case. Finally, any claim against Lane County for deliberate indifference to his medical needs is properly raised in a civil action under 42 U.S.C. § 1983 rather than a motion under § 2255.

Eighth, defendant claims ineffective assistance based on counsel's failure to object to the muliplicitous charges in the indictment. However, defendant presents no evidence that he was charged multiple times for a single offense or that he suffered prejudice as a result. United States v. Vargas-Castillo, 329 F.3d 715, 719 (9th Cir. 2003). Here, defendant was found guilty of eight counts of mail fraud and three counts of making false

statements, after he stipulated to eight different occurrences constituting mail fraud and three separate occurrences of making materially false statements. See Govt. Answer, Ex. 1.

Ninth, defendant argues that counsel was ineffective for failing to seek an evidentiary hearing regarding his *pro se* motions to disqualify the undersigned judge. However, given the denials of these motions, including the denial by Magistrate Judge Coffin, defendant fails to show either deficient performance or prejudice resulting from the failure to request an evidentiary hearing.

Finally, defendant argues that the enhancements applied to his sentence for obstruction of justice and possession of firearms violated his Sixth Amendment right to jury trial, because these enhancements were not found by jury beyond a reasonable doubt as required by the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and applied to the Federal Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738 (2005).

However, the Supreme Court held in Booker that its holding applied to "all cases on direct review" and made no explicit statement of retroactivity to collateral cases. Booker, 125 S. Ct. at 769. No court has held that Booker is retroactive to cases beyond those on direct review; rather, the Ninth Circuit and numerous courts have ruled consistently that Booker is not retroactive to cases that were rendered final before the Supreme Court's ruling on January 12, 2005. See United States v. Cruz, ___

F.3d ___, 2005 WL 2243113 (9th Cir. Sept. 16, 2005); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 862-63 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005). Therefore, <u>Booker</u> does not afford defendant the relief he seeks.

## CONCLUSION

Defendant's Amended Motion to Correct, Vacate, or Modify Sentence Under 28 U.S.C. § 2255 (doc. 387) and Motion for Summary Judgment (doc. 389) are DENIED.

IT IS SO ORDERED.

Dated this 23 day of September, 2005.

_____
Ann Aiken
United States District Judge

13 - OPINION AND ORDER